UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  ROBERT E. BRAGG                                         CASE NO. 05-16548

IN RE:  LATOYA GIOVANNI TUBBS                                   CASE NO. 05-16346 ✓

OPINION

On consideration before the court in each of the above captioned cases is an objection filed by the Chapter 7 trustee to the debtors' exemption claims; responses thereto having been filed by the debtors; and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to these proceedings pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. These are core proceedings as defined in 28 U.S.C. §157(b)(2)(A) and (B).

II.

Each debtor has claimed an exemption in a pre-petition personal injury cause of action that has not been fully litigated and where no judgment has been recovered. Relying on the specific language of §85-3-17, Miss. Code Ann., and the recent Fifth Circuit Court of Appeals decision in Waller v. Bell, 2005 WL 1926536 (5th Cir. 2005), the trustee has objected to these claims of exemption because the causes of action have not been reduced to judgment, as well as, because no judgment existed in the debtors' favor at the time that their bankruptcy cases were filed.

III.

Section 85-3-17, Miss. Code Ann., provides as follows:

The proceeds of any judgment not exceeding ten thousand dollars ($10,000.00) recovered by any person on account of personal injuries sustained, shall inure to the party or parties in whose favor such judgment may be rendered, free from all liabilities for the debts of the person injured.

Essentially, before an individual can claim the aforesaid exemption, a judgment must actually exist. See, this court's decision in In re Pittman, 2003 WL 22890089 (Bankr. N.D. Miss. 2003).

The trustee, as noted hereinabove, has also objected to the debtors' claims of exemption on the basis of the Fifth Circuit's Waller decision. In that case, the Fifth Circuit, in affirming both the District Court and the Bankruptcy Court for the Southern District of Mississippi, determined that since a judgment relative to a personal injury claim had not been recovered prior to the filing of the debtor's bankruptcy case, that the debtor could not subsequently claim the exemption as after acquired property. The court commented as follows:

> The district court found that Waller was not entitled to an exemption under this statute because "[w]hether a particular property or interest in property of a debtor's bankruptcy estate is eligible for an exemption provided by federal or state law is determined 'strictly 'as of' the date on which the petition in bankruptcy is filed'." District Court Opinion 3, citing In re Orson, 283 F.3d 686, 691 (5th Cir. 2002). See also In re Peterson, 897 F.2d 935, 937-38 (8th Cir. 1990). The district court concluded that, because as of the date that Waller filed her petition no judgment had been entered in her personal injury claim and so no "proceeds" of that judgment existed, Waller was ineligible for the exemption.
>
> Additionally, the district court found that any judgment that is eventually rendered on Waller's personal injury claim will not be exempt as after-acquired property because they will be proceeds that result from a pre-petition cause of action, which this Court has held belongs to the bankruptcy estate. See In re Wischan, 77 F.3d 875, 877 (5th Cir. 1996).

Because it is a settled principle of law that the applicability of an exemption must be determined on the basis of the facts as of the date the debtor files her petition, we agree with the district court's finding that Appellant cannot prevail on her statutory arguments and affirm on the basis of the district court's November 24, 2004 "Order and Reasons."

While this decision might produce a seemingly harsh result, it is absolutely correct in its statutory interpretation. The Mississippi exemption statute requires that a judgment be obtained. If this cannot be undertaken prior to the filing of a bankruptcy case, then the debtor has no way to utilize this particular statute.

Although this interpretation may appear to be a disincentive to file a personal injury cause of action subsequent to the filing of a bankruptcy case, it would not be so if the debtor's claim is substantial. The debtor would simply not be able to claim the exemption, but would have to utilize the proceeds to first satisfy all of the claims filed against the estate including the costs of administration. The funds remaining would then be payable to the debtor. The effect of the statute might be a disincentive if the debtor's recovery would not be sufficient to pay all of the allowed claims. In this scenario, the debtor's incentive to pursue the cause of action would perhaps be limited to the altruistic motive of satisfying some of his or her debts. Of course, the case trustee could always prosecute the cause of action as an asset of the estate, but without the debtor's full co-operation, the recovery would not likely be maximized.

The language of §85-3-17, Miss. Code Ann., has not been significantly modified since 1914. Considering the many ways that disputes are resolved at the present time, for example, by out of court settlements, mediation, arbitration, etc., the statutory language requiring a judgment to be entered before an exemption can be claimed is seriously outmoded. However, until the language is modified by the Mississippi Legislature, any person who has not recovered a

3

judgment, whether that person subsequently files bankruptcy <u>or not</u>, will simply not be able to take advantage of the statutory personal injury exemption claim. This is indeed unfortunate, not only for a bankruptcy debtor, but also for creditors of the bankruptcy estate, since the debtor's incentive to recover damages to enhance the estate can be significantly diluted.

Because of the current statutory language found in §85-3-17, Miss. Code Ann., as well as, because of the holding of the Fifth Circuit Court of Appeals in <u>Waller</u>, this court is of the opinion that the trustee's objection to the debtors' exemption claims in both of the above captioned cases is well taken.

An order, consistent with this opinion, sustaining the trustee's objections, will be entered contemporaneously herewith.

This the 7th day of December, 2005.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE